McCarthy, J.R
Appeal from a decision of the Workers’ Compensation Board, filed October 30, 2013, which ruled, among other things, that liability shifted to the Special Fund for Reopened Cases pursuant to Workers’ Compensation Law § 25-a.
Claimant injured his back while working as a custodian’s assistant for the employer in 2004, and his claim for that injury— which is at issue on this appeal — was ultimately established in 2009, although it was noted that he lost no wages. In 2008, claimant suffered an unrelated injury to his left knee and stopped working at that time. In a separate claim, a Workers’ Compensation Law Judge found that claimant had a 55% schedule loss of his left leg and awarded benefits. In 2012, claimant sought treatment in connection with his back injury, and ultimately claimed three months of lost time related to that injury. The workers’ compensation carrier sought transfer of liability to the Special Fund for Reopened Cases pursuant to Workers’ Compensation Law § 25-a. Following a hearing, the Workers’ Compensation Law Judge concluded that liability transferred and awarded benefits for a temporary, marked partial disability. The Workers’ Compensation Board affirmed, prompting this appeal by the Special Fund.
We affirm. The Special Fund argues that claimant admittedly stopped working for reasons unrelated to his back injury and, thus, he was required to demonstrate attachment to the *1084 labor market — that is, to show that his inability to work was due to his back injury. In that regard, the Board properly acknowledged that, absent a finding of involuntary retirement, claimants with a partial disability have “an obligation to demonstrate attachment to the labor market with evidence of a search for employment within medical restrictions” (Matter of Winters v Advance Auto Parts, 119 AD3d 1041, 1042 [2014] [internal quotation marks and citations omitted]; see Matter of Zamora v New York Neurologic Assoc., 19 NY3d 186, 191-192 [2012]). As the Special Fund concedes, however, the Board has previously held that awards should be continued until the carrier has raised the issue of labor market attachment, thereby allowing for development of the record on the issue (see Employer: New York State Police, 2012 WL 5816563, 2012 NY Wrk Comp LEXIS 12171 [WCB No. 0991 8589, Nov. 14, 2012]; Employer: MZL Home Care Agency, 2012 WL 4293361, 2012 NY Wrk Comp LEXIS 8095 [WCB No. G001 7141, Sept. 17, 2012]; Employer: Alliance Carpet and Tiles, 2009 WL 1009404, 2009 NY Wrk Comp LEXIS 7100 [WCB No. 0976 1710, Apr. 1, 2009]). The Special Fund does not challenge the principle set forth in the Board’s prior decisions, but argues that they are distinguishable. We disagree. The award sought herein was for lost time prior to the date of the hearing, when the Special Fund raised the issue of attachment to the labor market for the first time. The award of benefits for that period was therefore entirely consistent with the Board’s prior precedent. The Special Fund’s remaining arguments, to the extent not addressed herein, are rendered academic by our decision.
Egan Jr., Lynch and Clark, JJ., concur. Ordered that the decision is affirmed, without costs.